Christopher B. Turcotte (CT-0867)
TURCOTTE LAW, P.C.
641 Lexington Avenue, 15th Floor
New York, New York 10022
(212) 937-8499
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH BARBATO,

                          Plaintiff,

    - against -

JPMORGAN CHASE BANK, N.A.,

                         Defendant.

Case No. 1:25-cv-1066

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and based upon the grounds set forth in this Notice of Removal, defendant JPMorgan Chase Bank, N.A. ("Chase") hereby moves to remove the claims at issue in plaintiff Joseph Barbaro's ("Plaintiff" or "Barbato") Summons with Notice, as described more fully below, from the Supreme Court of the State of New York, County of York, to the United States District Court for the Southern District of New York. In support of its Notice of Removal, Chase states as follows:

    1.    On January 7, 2025, Plaintiff served Chase's agent for service of process with a Summons with Notice filed in the Supreme Court of the State of New York, County of York, where the matter was assigned Index No. 160774/2024 (the "State Court Action"). A true and accurate copy of the Summons with Notice is attached hereto as Exhibit "1".

    2.    On January 27, 2025, Chase timely filed a Notice of Appearance and Demand for Complaint in the State Court Action. *See* true and accurate copy of Notice of Appearance and Demand for Complaint attached hereto as Exhibit "2".

3.  To date, Plaintiff has not filed his Complaint in the State Court Action.

4.  The Complaint typically constitutes the initial pleading for purposes of removal under 28 U.S.C. §1446(b) as it provides the necessary facts to support this notice of removal. *See* CPLR 3011 (identifying the complaint and not the summons with notice as the initial pleading). Here, the Summons with Notice, while referencing the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, is devoid of detail not only as to the alleged acts by Chase which give rise to a FCRA violation but regarding the damages allegedly incurred as a result of Chase's alleged violation of the FCRA – "Plaintiff has been denied credit numerous times and suffered emotional distress including anxiety, stress, and humiliation" – as to permit Chase to evaluate whether Plaintiff will plead "concrete and particularized harm" to demonstrate Article III standing under the FCRA standards set forth in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), and its progeny. However, Plaintiff's counsel has recently maintained that a verbatim summons with notice filed by him in an unrelated action provides sufficient basis for removal. Removal is thus timely under 28 U.S.C. §1446(b) because Chase has filed this notice within thirty days of service of the Summons with Notice.

5.  The Summons with Notice alleges very generally that Chase violated 15 U.S.C. § 1681s-2(b) by, after receiving notice from credit bureaus that Plaintiff disputed unspecified information furnished by Chase, failing to conduct a reasonable investigation of the disputed information and thereafter to modify, delete, or permanently block reporting of the disputed information.

6.  This Court has original jurisdiction over this action because it arises under the laws of the United States. 28 U.S.C. § 1331. "[A] case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Here, the Summons with Notice asserts a statutory violation created by federal law under the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq*.  The FCRA applies to claims involving any information furnished to consumer reporting agencies.  *See Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d Cir. 2011)(citing 15 U.S.C. §1681t(b)(1)(F)("[n]o requirement or prohibition may be imposed under the laws of any State with respect to any subject matter … relating to the responsibilities of persons who furnish information to consumer reporting agencies …")). Accordingly, pursuant to 28 U.S.C. §§ 1331 and 1441(b), causes of action arising under the FCRA, insofar as they implicate a federal question, are properly removed to federal court.  *See*, *e.g.*, *Green v. NCO Inovision*, 2010 WL 147934, at *1 (D.N.J. Jan. 11, 2010); *Farley v. Williams*, 2005 WL 3579060, *1, 2 (W.D.N.Y. Dec. 30, 2005); *Caltabiano v. BSB Bank & Trust Co.*, 387 F.Supp.2d 135, 137 (E.D.N.Y. 2005).

7. Copies of all process, pleadings, and orders served upon and filed by Chase in the State court action are attached hereto as required by 28 U.S.C. § 1446(a).

8. Chase is filing a copy of this Notice with the Supreme Court of the State of New York, County of New York, in accordance with 28 U.S.C. § 1446(d).

9. This Notice of Removal is also filed with a Disclosure Statement certifying the identity of all publicly traded corporate entities associated with Chase, in accordance with the requirements of Rule 7.1 of the Federal Rules of Civil Procedure.

WHEREFORE, defendant Chase requests that this action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York                TURCOTTE LAW, P.C.
       February 6, 2025

                                                By:   /s/Christopher B. Turcotte
                                                          Christopher B. Turcotte (CT-0867)
641 Lexington Avenue, 15th Floor
New York, New York 10022
(212) 937-8499
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*