UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH BARBATO<br><br>*Plaintiff,*<br><br>-against-<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>*Defendant.* | Case No. 1:25-cv-01066-JPO<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

By and through the undersigned counsel, Plaintiff Joseph Barbato ("Plaintiff"), with knowledge as to his own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

**Introduction**

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this civil rights action against Defendant JPMorgan Chase Bank, N.A. ("Chase," or "Defendant"), to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this fee-shifting action.

2. In 1970, Congress passed the FCRA and enshrined within it the "need to insure . . . fairness, impartiality, and a respect for the consumer's right to privacy" in the consumer reporting industry. FCRA § 1681(a)(4).

3. "A credit report can determine everything from whether a person can secure a credit card, purchase a home, win a new job, or start a small business. Recognizing the importance of

accuracy in credit reporting, Congress adopted the Fair Credit Reporting Act in 1970 (FCRA)." *Dep't. of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 45 (2024).

4. The purpose of the FCRA is "to require . . . reasonable procedures for [reporting information] in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information . . . ." Section 1681(b) (emphasis added). *See Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (observing that the purpose of the FCRA is to address the "serious problem in the credit reporting industry . . . of inaccurate or misleading information"); *Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (stating that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . .") (citing 116 Cong. Rec. 36572 (1970)).

5. The public policy objectives underlying the FCRA remain relevant and compelling today as ever. As recently as October 2022, Congress recognized continued systemic "failures to efficiently respond to and resolve credit reporting inaccuracies raised by consumers."[1] The bipartisan subcommittee's investigation found "longstanding problems with" industry "practices for responding to consumers who challenge credit report errors."

6. The congressional subcommittee found that "data furnishers" like Chase "often conduct pro forma, perfunctory investigations, ignoring consumer-submitted documents and information."[2] Such investigations are "insufficient" under the FCRA.[3]

---

[1] *Select Subcommittee Requests CFPB Review After Investigation Finds Nation's Top Credit Bureaus Failed to Address Errors in Consumer Credit Reports, Press Release*, 117th Congress (Oct. 14, 2022), https://coronavirus.house.gov/news/press-releases/clyburn-cfpb-chopra-equifax-experian-transunion.

[2] *Letter from Chairman Clyburn to the Consumer Financial Protection Bureau*, 5, 117th Congress (Oct. 13, 2022), https://coronavirus-democrats-oversight.house.gov/sites/evo-subsites/coronavirus-democrats-oversight.house.gov/files/2022.10.13%20Clyburn%20to%20CFPB%20re%20Credit%20Reporting.pdf.

[3] *Select Subcommittee Requests CFPB Review After Investigation Finds Nation's Top Credit Bureaus Failed to*

7. Plaintiff's experience typifies Congress's findings.  A victim of identity theft, Plaintiff disputed multiple fraudulent Chase credit card accounts ("the Chase Accounts") that were reporting on his credit reports.  Upon information and belief, in response to Plaintiff's disputes, Chase verified the accuracy of one or more of those Accounts.  Chase did so despite the "Red Flags"[4] associated with the Chase Accounts (as the term is defined by the FTC), as fully detailed herein.  Chase thereby willfully violated the FCRA, denying Plaintiff's rights under that statute.

8. Congress's recent findings regarding consumer damages echo what juries and courts have long found in individual cases: FCRA violations can have "serious, long-term consequences for consumers, such as blocking access to permanent housing or preventing small businesses from obtaining much-needed lines of credit."[5]  Consumers like Plaintiff "are experiencing no small measure of stress, frustration, and financial hardship as a result of [] failure[s] to correct legitimate errors on their credit reports."[6]  As recounted below, Plaintiff suffered extensively as a result of Defendant's violations of his consumer rights under the FCRA.

### Plaintiff's Rights as an Identity Theft Victim

9. Plaintiff has a right to an unencumbered identity.[7]

10. Plaintiff contends that his identity was encumbered by Defendant's actions.

11. Plaintiff has a right to be notified if Plaintiff's identity credentials or data are compromised, used, or misused.

---

*Address Errors in Consumer Credit Reports, Press Release, supra*, (citing *Automated Injustice Redux, Ten Years after a Key Report, Consumers Are Still Frustrated Trying to Fix Credit Report Errors*, National Consumer Law Center (February 2019), http://www.nclc.org/wp-content/uploads/2022/08/automated-injustice-redux.pdf).
[4] *See* FTC Red Flags Rule, 12 C.F.R. §§ 41.90-92, 222.90-91, 334.90-91, 364.100-01, 717.90-91, and 16 C.F.R. § 681.1-2).
[5] *Select Subcommittee Launches Investigation Into Credit Reporting Failures During Pandemic, Press Release*, 117th Congress (May 25, 2022).
[6] *Letter from Chairman Clyburn to the CFPB, supra*, at 7.
[7] *Foundations of Identity*, Identity Theft Resource Center (accessed November 7, 2024), https://www.idtheftcenter.org/about-us/ (listing Experian as a "financial supporter").

12. Plaintiff contends that his identity was compromised and/or misused due to the actions of Defendant.

13. Plaintiff has a right to remediate/recover Plaintiff's identity without undue burden, financial or otherwise.

14. As a result, Plaintiff asserts damages for undue burden, financial and otherwise, in Plaintiff's attempts to remediate/recover Plaintiff's identity.

15. Plaintiff has a right to be acknowledged as a victim of crime.

16. Despite Plaintiff's repeated disputes about identity theft, Defendant failed to acknowledge Plaintiff as a victim of a crime.

17. Defendant, by refusing to comply with the FCRA, impeded Plaintiff's efforts to recover Plaintiff's identity.

**Summary of Plaintiff's Claims Against Defendant Pursuant to the Fair Credit Reporting Act**

18. Based on acts and omissions described more fully below in the Statement of Facts, Defendant is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of the fraudulent Chase Accounts reporting on Plaintiff's credit reports after, upon information and belief, Defendant received notice of Plaintiff's disputes from the consumer reporting agencies;

    b. failing to review all relevant information provided to Defendant by consumer reporting agencies, or otherwise in the possession of Chase, concerning Plaintiff's disputes of the the fraudulent Chase Accounts, including but not limited to:

      i. Plaintiff's Federal Trade Commission Identity Theft Reports ("FTC Identity Theft Reports");

      ii. Plaintiff's police report;

      iii. "Red Flags" data (as the term is defined by the FTC Red Flags Rule, 12 C.F.R. §§ 41.90-92, 222.90-91, 334.90-91, 364.100-01, 717.90-91, and 16 C.F.R. § 681.1-2); and

      iv. All other information included in Plaintiff's disputes and interactions with Defendant as detailed below; and

    c. failing to promptly modify, delete, or permanently block any and all information about the disputed, fraudulent Chase Accounts that Defendant, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate.

19. As a direct and proximate result of Defendant's willful violations of the FCRA recounted above, and as further described herein, Plaintiff suffered cognizable actual damages.

## Jurisdiction and Venue

20. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of state claims asserted herein under New York law pursuant to 28 U.S.C. § 1367(a).

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

22. Plaintiff Joseph Barbato is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)). Plaintiff resides in Nyack, New York.

23. Defendant Chase is a national association headquartered in New York County and is a "furnisher of information" within the meaning of the FCRA.  12 C.F.R. § 1022.41(c).

## Statement of Facts

*Plaintiff's Disputes*

24. In 2022, Plaintiff became aware of one or more of the Chase Accounts that had been fraudulently opened in his name.

25. The fraudulent Chase Accounts appeared in Plaintiff's credit reports from Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (together, Equifax, Experian, and Trans Union are "the CRAs").

26. Plaintiff sent multiple dispute letters to Chase and to one or more of the CRAs in or around November 2022, March of 2023, June of 2023, and November of 2023.

27. In one or more of these dispute letters, Plaintiff detailed the false reporting, asked that the Chase Accounts be deleted, and attached an FTC Identity Theft Report, a police report, his driver's license, his social security card, and his proof of address.

*Defendant's Responses to Plaintiff's Disputes*

28. Upon information and belief, Chase, upon receiving notice of a dispute from at least one consumer reporting agency, failed to conduct a reasonable investigation of the disputed Chase Accounts and verified their accuracy to that consumer reporting agency.

29. Upon information and belief, in response to one or more of Plaintiff's FCRA disputes, Chase told one or more of the CRAs that the Chase Accounts were legitimate and not fraudulent.

30. Upon information and belief, in or around November of 2022, and June, July, and November of 2023, one or more of the CRAs verified the accuracy of the disputed Chase Accounts and were still reporting the accounts on Plaintiff's credit reports. In at least one instance, Chase caused the reinsertion of one or more of the Accounts into Plaintiff's credit reports after having been deleted or blocked.

31. Upon information and belief, Defendant failed to comply with its obligations pursuant to § 1681s-2(b) of the FCRA in response to Plaintiff's disputes.

*Damages*

32. As a result of Defendant's misconduct, Plaintiff suffered known and unknown credit damages, including the publication of Plaintiff's information to third parties.

33. Those pecuniary damages included credit harm related to one or more credit card applications and existing accounts.

34. At all times pertinent hereto, the conduct of Defendant as well as its respective agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

35. As a direct and proximate result of the willful and negligent actions, conduct, and omissions of Defendant, Plaintiff suffered cognizable actual damages (both pecuniary and non-pecuniary), including but not limited to emotional distress, anxiety, frustration, humiliation, embarrassment, and damage to Plaintiff's reputation for creditworthiness.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY CHASE

36. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

37. Based on the facts alleged in this Complaint, Chase violated FCRA § 1681s-2(b) by its acts and omissions.

38. Due to these violations of § 1681s-2(b) by Chase, Plaintiff suffered actual damages, including but not limited to damage to his reputation, embarrassment, humiliation, anguish, and other emotional harm cognizable pursuant to the FCRA.

39. These violations of § 1681s-2(b) were willful, rendering Chase liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Chase was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1. Awarding against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o; and

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Adam G. Singer*
Adam G. Singer
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
212.842.2428
asinger@adamsingerlaw.com

*Counsel for Plaintiff Joseph Barbato*